**NISSENBAUM LAW GROUP, LLC**
2400 Morris Avenue (Suite 301)
Union, New Jersey 07083
Tel:  908-686-8000
*Attorneys for Defendant/Cross-Claimant*
*GHANSHYAM PATEL*

**Document Filed Electronically**

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| RAMADA WORLDWIDE, INC. a Delaware Corporation, | : |  |
|  | : |  |
| Plaintiff, | : | Civil Action No. |
| v. |  | 2:13-CV-01073-SRC-CLW |
|  | : | **ANSWER TO AMENDED COMPLAINT, DEFENSES** |
| MEETA SHETH, an individual; and | | **AND CROSS-CLAIMS** |
| GHANSHYAM PATEL, an individual, | : |  |
|  | : |  |
| Defendants. | : |  |

Defendant/Cross-claimant, GHANSHYAM PATEL ("Defendant"), by and through his attorneys, NISSENBAUM LAW GROUP, LLC, hereby responds to the Amended Complaint of the Plaintiff, RAMADA WORLDWIDE, INC. ("Plaintiff"), as follows:

### PARTIES, JURISDICTION AND VENUE

1.      Defendant is without sufficient knowledge and information to admit or deny the allegations contained in paragraph 1 of the Amended Complaint.

2.      Defendant is without sufficient knowledge and information to admit or deny the allegations contained in paragraph 2 of the Amended Complaint.

3.    Defendant denies the allegations contained in paragraph 3 of the Amended Complaint.

4.    Defendant is without sufficient knowledge and information to admit or deny the allegations contained in paragraph 4 of the Amended Complaint.

5.    Defendant denies the allegations contained in paragraph 5 of the Amended Complaint as the document referred to therein speaks for itself.

6.    Defendant denies the allegations contained in paragraph 6 of the Amended Complaint as the document referred to therein speaks for itself.

## ALLEGATIONS COMMON TO ALL COUNTS

### The Agreements Between the Parties

7.    Defendant admits the allegations contained in paragraph 7 of the Amended Complaint only to the extent that on or about March 31, 2008, Plaintiff entered into a License Agreement with non-party Hill Hattiesburg, LLC.  The remainder of the allegations is denied as the document referred to therein speaks for itself.

8.    Defendant denies the allegations contained in paragraph 8 of the Amended Complaint as the document referred to therein speaks for itself.

9.    Defendant denies the allegations contained in paragraph 9 of the Amended Complaint as the document referred to therein speaks for itself.

10.    Defendant denies the allegations contained in paragraph 10 of the Amended Complaint as the document referred to therein speaks for itself.

11.    Defendant denies the allegations contained in paragraph 11 of the Amended Complaint as the document referred to therein speaks for itself.

12.     Defendant denies the allegations contained in paragraph 12 of the Amended Complaint as the document referred to therein speaks for itself.

13.     Defendant denies the allegations contained in paragraph 13 of the Amended Complaint as the document referred to therein speaks for itself.

14.     Defendant denies the allegations contained in paragraph 14 of the Amended Complaint as the document referred to therein speaks for itself.

15.     Defendant denies the allegations contained in paragraph 15 of the Amended Complaint as the document referred to therein speaks for itself.

16.     Defendant admits the allegations contained in paragraph 16 of the Amended Complaint.

17.     Defendant denies the allegations contained in paragraph 17 of the Amended Complaint as the document referred to therein speaks for itself.

18.     Defendant admits the allegations contained in paragraph 18 of the Amended Complaint only to the extent that Defendant and defendant Meeta Sheth's signatures appear on a guaranty with respect to the License Agreement between Plaintiff and Hill Hattiesburg, LLC.

19.     Defendant denies the allegations contained in paragraph 19 of the Amended Complaint as the document referred to therein speaks for itself.

20.     Defendant denies the allegations contained in paragraph 20 of the Amended Complaint as the document referred to therein speaks for itself.

<u>The Termination of the License Agreement</u>

21.     Defendant is without information and belief to deny or admit the allegations contained in paragraph 21 of the Amended Complaint because as of the time

that any such bankruptcy was filed, Defendant was not a member or otherwise affiliated with Hill Hattiesburg, LLC.

22.     Defendant is without information and belief to deny or admit the allegations contained in paragraph 22 of the Amended Complaint because Defendant was not a member or otherwise affiliated with Hill Hattiesburg, LLC at the time that Plaintiff alleges Hill Hattiesburg cased its operations.

23.     Defendant is without information and belief to deny to admit the allegations contained in paragraph 23 of the Amended Complaint.  Notwithstanding the foregoing, Defendant denies the allegations contained in paragraph 23 of the Amended Complaint as the document referred to therein speaks for itself.

## FIRST COUNT

24.     Defendant repeats, reiterates and realleges each and every admission and denial with the same force and effect as if set forth more fully at length herein.

25.     Defendant denies the allegations contained in paragraph 25 of the Amended Complaint as the document referred to therein speaks for itself.

26.     Defendant denies the allegations contained in paragraph 26 of the Amended Complaint.

27.     Defendant denies the allegations contained in paragraph 27 of the Amended Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Any damages suffered by the Plaintiff resulted from and were proximately caused by Plaintiff's own actions.

### Third Affirmative Defense

Plaintiff's claims are barred in whole or in part by the Plaintiffs' failure to mitigate damages.

### Fourth Affirmative Defense

Plaintiff's claims are barred in whole or in part because the liquidated damages provision, as set forth in the License Agreement between Plaintiff and Hills Hattiesburg, LLC, is an unenforceable penalty.

### Fifth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

### Sixth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

### Seventh Affirmative Defense

Plaintiff's claims are barred because co-Defendant Meeta Sheth and Defendant entered into a Settlement Agreement in which co-Defendant Meeta Sheth agreed to be solely liable for the debts of Hills Hattiesburg, LLC.

### Eighth Affirmative Defense

Plaintiff's claims are barred under the doctrine of avoidable consequences.

### Ninth Affirmative Defense

Any damages suffered by the Plaintiff resulted from the acts of third parties over whom Defendant had no control.

### Tenth Affirmative Defense

Defendant reserves the right to assert additional affirmative defenses, cross-claims or counterclaims that may become known as a result of continuing discovery.

## CROSS-CLAIMS AGAINST MEETA SHETH

Defendant-Cross-Claimant, GHANSHYAM PATEL ("Patel"), by and through its attorney, NISSENBAUM LAW GROUP, LLC, by way of cross-claim against co-defendant, MEETA SHETH ("Sheth"), alleges the following, upon information and belief:

## JURISDICTION

1.     This Court has subject matter jurisdiction over Patel's cross-claims pursuant to 28 U.S.C. §§ 1332 [a] [1], [c] [1] in that the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is between citizens of different States.

2.     In addition, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 with respect to Patel's cross-claims because such claims are so related to Plaintiff Ramada Worldwide, Inc.'s ("Ramada") claims against Patel and Sheth that they form part of the same case or controversy under Article III of the United States Constitution.

## VENUE

3.     This Court has supplemental venue over Patel's cross-claims because the venue as it relates to the original action filed by Plaintiff Ramada Worldwide, Inc. is proper and Patel's cross-claims are so related to the original claims that they form part of the same case or controversy under Article III of the United States Constitution.

## PARTIES

6

4.      Upon information and belief, Sheth is a citizen of the State of Tennessee with a principal residence located at 2793 Enclave Bay Drive, Chattanooga, Tennessee 37415.

5.      Patel is a citizen of the State of Ohio with a principal residence located at 28245 Bishop Park Drive, Apt. 115B, Wickliffe, Ohio 44092.

## APPLICABLE LAW

6.      The Settlement Agreement (as defined below) provides that it is to be governed and construed in accordance with the laws of Ohio.

## NATURE OF THE ACTION

7.      Patel's cross-claims against Sheth arise out of a settlement agreement, executed in or about February 2010 (the "Settlement Agreement"), between Patel, Sheth and non-party Niraj Sheth a/k/a Nick Sheth ("Nick Sheth") (collectively, the "Settling Parties").

8.      Specifically and by way of background, up until the execution of the Settlement Agreement, Sheth and Patel were members of the Inn on the Hill Hattiesburg, LLC ("Hill Hattiesburg"), a Missouri limited liability company.  During that time, Sheth and Patel each owned a fifty percent (50%) equity interest in Hill Hattiesburg.

9.      The Settlement Agreement was entered into in connection with a litigation filed by Patel in the United States District Court for the Northern District of Ohio, case number 1:09-cv-02662, against Sheth and Nick Sheth for, *inter alia*, fraud, unjust enrichment, accounting, civil conspiracy, theft and conversion of funds, civil relief for complicity in the commission of an offense and dissolution of corporate entities pursuant to O.R.C. Section 1705.47 ("Ohio Litigation").

10.     Part of Patel's claims in the Ohio Litigation arose from certain alleged wrongful acts undertaken by Sheth and Nick Sheth in connection with the operation and management of four (4) hotels in which some or all of the Settling Parties had an equity interest including, without limitation, Hill Hattiesburg.

11.     The Settlement Agreement resolved the Ohio Litigation.  The Settlement Agreement provided that it was "to be governed and interpreted in accordance with the laws of the State of Ohio."

12.      Specifically, the Settlement Agreement had the effect of transferring the Settling Parties' interests in the hotels so that Patel, on the one hand, and Sheth and Nick Sheth, on the other, did not share ownership in any of the hotels thereafter.

13.     The Settlement Agreement also relieved Patel from any liability with respect to Hill Hattiesburg, in return for which Patel agreed to transfer his entire interest in Hill Hattiesburg to Sheth.

14.     Accordingly, Sheth became the new owner of Hill Hattiesburg, and under paragraph 2 of the Settlement Agreement that meant Sheth solely would be "responsible for the debts, expenses and liabilities of [Hill Hattiesburg], regardless of the date such debt, expenses, or liability has occurred, whether prior to or after the date of the execution of this [Settlement Agreement]".

15.     In furtherance of this arrangement, paragraph 7.b. of the Settlement Agreement required Sheth to use "best efforts to refinance or otherwise remove [Patel] from any indebtedness or personal guaranties relating to [Hill Hattiesburg] for which [he] no longer [has] any ownership in pursuant to this [Settlement Agreement]."

16.     Furthermore, Paragraph 6 of the Settlement Agreement required Sheth "to indemnify [Patel] and hold harmless against any direct loss, damage, and expense with respect to any corporate or personal liabilities arising from [Hill Hattiesburg] for which the party seeking indemnification no longer holds any ownership interest, including reasonable court costs and attorneys' fees. . . Said obligation to indemnify shall include, but not be limited to, any suits on any promissory notes, deeds of trusts, or guaranties executed by the parties and relating to [Hill Hattiesburg]."

17.     Without limitation Sheth's indemnification obligations pursuant to the Settlement Agreement included an obligation to indemnify Patel with respect to the claims asserted by plaintiff Ramada against Patel in the within litigation.

18.     Specifically and without waiving any defenses as to the unenforceability or invalidity of the personal guaranty and/or License Agreement (as defined below), Sheth was legally obligated to indemnify Patel with regard to the personal guaranty allegedly executed by Patel in connection with a license agreement between Ramada and Hill Hattiesburg for the operation of the a 119-room guest lodging facility in Hattiesburg, Mississippi.

19.     Between May 7 and June 27, 2013 and via written correspondence to Sheth, at the various addresses associated with Sheth, Patel notified Sheth of her obligation to indemnify Patel for the claims asserted against him in this litigation by Ramada.

20.     To date, Sheth has not responded to Patel's notices nor otherwise acknowledged its indemnification obligations pursuant to the Settlement Agreement.

21.    In addition and based on the fact that Ramada has asserted claims against Patel in the instant litigation based on the personal guaranty executed by Patel, it is evident that Sheth failed to comply with her contractual obligation pursuant to the Settlement Agreement to, *inter alia*, remove Patel from the personal guaranties in connection with Hill Hattiesburg.

## COUNT ONE

### (Breach of Contract)

22.    Patel repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs with the same force and effect as if more fully set forth herein.

23.    Patel and Sheth entered into a valid and enforceable Settlement Agreement, in which Sheth agreed to undertake certain obligations in connection with Hill Hattiesburg.

24.    Among other breaches of the Settlement Agreement, Sheth agreed to use her best efforts to refinance or otherwise remove Patel from any indebtedness or personal guaranties relating to Hill Hattiesburg, an entity in which Patel no longer had an ownership interest subsequent to February 2010.

25.    Sheth breached the Settlement Agreement by failing to use best efforts to remove Patel from any indebtedness or personal guaranties relating to Hill Hattiesburg including, without limitation, the personal guaranty executed by Patel in connection with the license agreement with Ramada.

26.    As a direct and proximate result of, *inter alia*, Sheth's failure to use her best efforts to refinance or otherwise remove Patel from any indebtedness or personal

guaranties relating to Hill Hattiesburg, Patel has been damaged in an amount which is unknown at this time but will be proven with specificity at time of trial.

## COUNT TWO

### (Indemnification)

27.     Patel repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs with the same force and effect as if more fully set forth herein.

28.     Pursuant to the Settlement Agreement, Sheth had a duty to indemnify Patel in connection with any direct loss, damage and expense including, without limitation, attorneys' fees and costs with respect to any corporate or personal liabilities arising from Hill Hattiesburg, an entity in which Sheth no longer has an equity interest.

29.     The Settlement Agreement specifically applied to Sheth's indemnification obligations to, without limitation, any suits on any promissory notes, deed of trusts or guaranties executed by Patel and relating to Hill Hattiesburg.

30.     In the instant litigation, Ramada has asserted claims against Patel relating to a personal guaranty executed by Patel in connection with the license agreement between Hill Hattiesburg and Ramada.

31.     Via various correspondence between May 7 and June 28, 2013, Patel provided notification to Sheth of her obligations to indemnify Patel in connection with Ramada's claims in the instant matter.

32.     Sheth has failed to respond to Patel or otherwise respond to Patel's demands that she indemnify Patel in connection with Ramada's claims in the instant

11

matter including, without limitation, Patel's attorneys' fees incurred in defending against Ramada's claims.

33.     Sheth's failure to indemnify Patel has caused and will continue to cause loss, damage and expenses to Patel, the exact amount of which is unknown at this time, but will be proven with specificity at the time of trial.

## COUNT THREE

### (Contribution)

34.     Patel repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs with the same force and effect as if more fully set forth herein.

35.     Ohio law recognizes the equitable doctrine of contribution, "which requires persons under a common burden to share that burden equitably." *See Nationwide Mut. Ins. Co. v. Marcinko*, 436 N.E.2d 551, 556 (Ohio Com. Pl. 1980).

36.     In addition, Ohio law recognizes that "a party has a right to contribution when it has been compelled to pay what another have paid in part to require partial, usually proportionate reimbursement." *CNH Capital v. Janson Excavating, Inc.*, 2007-Ohio-2127, 171 Ohio App. 3d 694, 699, 872 N.E.2d 980, 984 (2007).

37.     Pursuant to the Settlement Agreement, Sheth was obligated to remove Patel from any indebtedness and/or personal guaranty in connection with Hill Hattiesburg.

38.     As set forth above, Sheth breached its obligations to Patel by failing to remove Patel from any indebtedness and/or personal guaranty including the personal

guaranty executed by Patel in connection with the license agreement between Ramada and Hill Hattiesburg.

39.     In the instant matter, Ramada has asserted claims against Patel based on the personal guaranty executed by Patel in connection with Ramada's license agreement with Hill Hattiesburg.

40.     Although Patel contends that he is not liable for the damages asserted in Ramada's Amended Complaint filed in the instant matter, if as a result of the matters alleged in Ramada's Alleged Complaint, Patel is held liable for all or any part of Ramada's alleged damages, it is respectfully requested that Sheth is held liable for all or any part of Ramada's alleged damages to the extent that her fault is determined by the court.

## COUNT FOUR

### (Breach of Implied Covenant of Good Faith and Fair Dealing)

41.     Patel repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs with the same force and effect as if more fully set forth herein.

42.     The Settlement Agreement is a valid and enforceable contract between Patel and Sheth.

43.     The Settlement Agreement contains an implied covenant of good faith and fair dealing in which the parties agree to deal with each other fairly and in good-faith.

44.     Patel performed all of his obligations under the Settlement Agreement.

45.     Sheth has unfairly prevented Patel from receiving the benefits that Patel is entitled to receive under the Settlement Agreement including, without limitation, a

release from all liability in connection with Hill Hattiesburg, an entity in which Patel no longer owns an equity interest.

46.     Sheth breached the implied covenant of good-faith and fair dealing by, *inter alia,* failing to refinance or otherwise remove Patel from any indebtedness or personal guaranty relating to the obligations of Hill Hattiesburg including, without limitation, the personal guaranty relating to the license agreement between Hill Hattiesburg and Ramada.

47.     In addition, Sheth breached the implied covenant of good-faith and fair dealing by failing to indemnify and/or acknowledge its indemnification obligations due and owing to Patel pursuant to the Settlement Agreement and in connection with Ramada's claims against Patel in the instant matter.

48.     As a direct and proximate result of Sheth's breaches of the implied covenant of good-faith and fair dealing, Patel has been damaged in an amount which is unknown at this time but will be proven with specificity at time of trial.

## COUNT FIVE

### (Promissory Estoppel)

49.     Patel repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs with the same force and effect as if more fully set forth herein.

50.     Patel relied on Sheth's promises to*, inter alia*, use best efforts to remove Patel from any indebtedness or personal guaranties relating to Hill Hattiesburg and indemnify Patel with respect to any claims relating to same.

51.     In fact, in reliance on Sheth's promises as contained in the Settlement Agreement, Patel agreed to dismiss the Ohio Litigation.

52.     Patel's reliance on Sheth's promises was reasonable and foreseeable.

53.     However and in spite of Sheth's promises, Sheth failed to remove Patel from indebtedness and the personal guaranty relating to Hill Hattiesburg and/or indemnify Patel for the claims asserted by Ramada against Patel in this litigation.

54.     As a direct and proximate result of Patel's reliance on Sheth's promises, Patel has been damaged and will continue to be damaged, in an amount which is unknown at this time but will be proven with specificity at time of trial.

## COUNT SIX

### (Unjust Enrichment)

55.     Patel repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs with the same force and effect as if more fully set forth herein.

56.     By undertaking certain obligations pursuant to the Settlement Agreement including, without limitation, dismissing the Ohio Litigation, Patel conferred a benefit on Sheth.

57.     Patel performed its obligations pursuant to the Settlement Agreement. Sheth was aware that Patel performed its obligations pursuant to the Settlement Agreement.

58.     In spite of Sheth's obligations to remove Patel from any personal guaranties or other indebtedness involving Hill Hattiesburg and indemnify Patel with respect to any claims relating to same, Sheth failed to honor its end of the bargain.

15

59.     In that regard, Sheth retained a benefit, namely, the dismissal of the Ohio Litigation as against Sheth without honoring its side of the deal.  In that regard, it would be unjust for Sheth to retain this benefit without Sheth performing its obligations pursuant to the Settlement Agreement including, without limitation, indemnifying Patel for any damage and/or loss associated with the claims asserted by Ramada against Patel in this litigation.

60.     Patel has been damaged and will continue to be damaged, in an amount which is unknown at this time but will be proven with specificity at time of trial.

## REQUESTS FOR RELIEF

WHEREFORE, the Defendant-Cross-Claimant, GHANSHYAM PATEL, hereby demand Judgment against Co-Defendant, MEETA SHETH as follows:

1.     As to Counts One, Four, Five and Six, compensatory damages for a sum to be determined by the Court, inclusive of the costs and attorneys' fees incurred by Patel, together with interest;

2.     As to Count Two, an Order directing Sheth to fully indemnify Patel for any and all damage and/or loss including, without limitation, Patel's attorneys' fees and costs incurred with respect to the claims asserted by Ramada against Patel in the within litigation;

3.     As to Count Three, an Order directing Sheth to make contributions to Patel that reflect Sheth's percentage of fault with respect to any and all damage and/or loss including, without limitation, Patel's attorneys' fees and costs incurred in connection with the claims asserted by Ramada against Patel in the within litigation;

16

4.      With respect to Counts Two and Three, attorneys' fees, court costs and other expenses incurred in Patel's defense of the Amended Complaint filed by Ramada against Patel in the instant matter; and,

5.      Such other, further and different relief as to this Court may seem just, equitable and proper under the circumstances.


Dated: September 16, 2013


/S/ STEVEN PROCACCINI
Steven L. Procaccini (SP 1044)
**NISSENBAUM LAW GROUP, LLC**
2400 Morris Avenue, Suite 301
Union, New Jersey 07083
Tel:  908-686-8000
Fax:  908-686-8550
sp@gdnlaw.com
*Attorneys for Defendant/Cross-Claimant*
GHANSHYAM PATEL

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

The undersigned hereby certifies that the within matter in controversy is not the subject of any other action pending in any other court, or of any pending arbitration or administrative proceeding.   The undersigned further certifies that no other action is pending or contemplated and that I am unaware at this time of any parties who should be joined in this action.

Dated: September 16, 2013

/S/ STEVEN PROCACCINI

Steven L. Procaccini (SP 1044)
**NISSENBAUM LAW GROUP, LLC**
2400 Morris Avenue, Suite 301
Union, New Jersey 07083
Tel:  908-686-8000
Fax:  908-686-8550
sp@gdnlaw.com
*Attorneys for Defendant/Cross-Claimant*
GHANSHYAM PATEL

## CERTIFICATION OF SERVICE

**STEVEN PROCACCINI**, of full age, hereby certifies and says:

1.      I am an attorney admitted to practice in the state and federal courts of the

State of New Jersey.  I am of counsel to Nissenbaum Law Group, LLC, counsel to

Defendant-Cross-Claimant Ghanshyam Patel in the above-captioned matter.

2.      I hereby certify that a true and correct copy of the foregoing has been

furnished by electronically filing with the Courts and email this September 16, 2013 to:

> Bryan P. Couch
> CLYDE & CO US LLP
> 200 Campus Drive
> Suite 300
> Florham Park, New Jersey 07932
> (973) 210-6700
> Attorneys for Plaintiff, Ramada Worldwide Inc.

3.      I hereby certify that the foregoing statements made by me are true.  I am

aware that if any of the foregoing statements made by me are willfully false, I am subject

to punishment.

Dated:  September 16, 2013

> /S/ STEVEN PROCACCINI
> By: Steven L. Procaccini